989 So.2d 736 (2008)
Gray GABLE, Nassau Village Volunteer Fire Department, Inc. and Baptist Medical Center-Nassau, Inc., a Florida corporation, Petitioners,
v.
Robert HOGAN, Respondent.
No. 1D08-4251.
District Court of Appeal of Florida, First District.
September 4, 2008.
*737 Teresa A. Arnold-Simmons, Philip J. Kantor, and Ashley B. Winstead of Quintairos, Prieto, Wood & Boyer, P.A., Jacksonville, for Petitioner Gray Gable, Nassau Village Volunteer Fire Department, Inc.; John E. Hall, Jr., Atlanta, for Petitioner Baptist Medical Center-Nassau, Inc., a Florida corporation.
Howard C. Coker, Charles A. Sorenson, and James H. Daniel of Coker, Schickel, Sorenson & Daniel, P.A., Jacksonville; Arthur I. Jacobs, Borden R. Hallowes, and Richard J. Scholz, Fernandina Beach, for Respondent.
PER CURIAM.
Petitioner seeks certiorari review of a nonfinal order of the circuit court granting respondent's motion for a protective order directed to a requested examination of respondent by petitioner's medical expert, sustaining his objection to petitioner's request for that examination, and striking the witness as an expert for petitioner. We issued an order to show cause and granted petitioner's emergency motion to stay the impending trial, and respondent has responded to the merits of the petition on an expedited basis. However, for reasons distinct from the those argued by respondent, we have sua sponte reconsidered our decision that a preliminary basis for relief had been shown, and now deny the petition.
Extraordinary review of an interlocutory ruling by writ of certiorari is appropriate only upon a showing that the ruling being challenged is a departure from the essential requirements of law that will result in material injury not remediable on postjudgment appeal. See Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812 (Fla.2004). Initially, we concluded that petitioner had made an adequate showing of the possibility of irreparable harm, reasoning that because the trial court's order effectively precludes petitioner's expert from conducting a physical examination of respondent, the degree of harm caused by the exclusion of that expert as a witness could not be determined on plenary appeal since the substance of what the witness would have testified to would be unknown.
*738 Upon further reflection, however, we conclude that petitioner has failed to demonstrate that the circuit court departed from the essential requirements of law when it sustained respondent's objection to the proposed examination. Based on that determination, we further conclude that petitioner has failed to establish that the exclusion of the witness will necessarily result in a harm that cannot be adequately remedied on appeal. We express no opinion as to whether the exclusion of the witness was erroneous. Even if it were, however, the substance of the proposed testimony of the witness, which presumably would now be based on his review of medical records and the opinions of other experts, is a matter than can be the subject of an adequate proffer at trial. That being the case, any error by the court can be adequately remedied on appeal, and certiorari review is therefore inappropriate.
Accordingly, the petition for writ of certiorari is denied, the stay previously imposed is lifted immediately by separate order of the court, and any pending motions are denied as moot.
DAVIS, PADOVANO, and ROBERTS, JJ., concur.